UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKUYA DEBUN,<br>Plaintiff,<br>v.<br>KAIRI DEBUN,<br>Defendant. | Case No. 26-cv-07272-PCP<br><br>**ORDER DISMISSING SECOND VERIFIED PETITION FOR RETURN OF CHILD**<br><br>Re: Dkt. Nos. 18, 19, 20 |

Petitioner Takuya Debun seeks an order stating that his daughter, H.D., was unlawfully removed to Japan in violation of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, S. Treaty Doc. No. 99-11 (the "Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 102 Stat. 437, 22 U.S.C. §§ 9001–9011.[1] Pursuant to Debun's request, the Court dismisses Count One of the petition under Federal Rule of Civil Procedure 41(a)(2). And for the following reasons, the Court dismisses Count Two for lack of subject matter jurisdiction.

## I. BACKGROUND

Debun and his former spouse, identified in the petition both as Kairi Debun and Kairi Futami ("Kairi"), are Japanese nationals. Second Amended Verified Petition ("Petition"), Dkt. No. 19, ¶ 14. In July 2023, Kairi and H.D. traveled from Japan to join Debun in Cupertino, California. *Id.* ¶¶ 28–29. The petition alleges that shortly thereafter, Kairi removed H.D. to Japan without Debun's consent. *Id.* ¶ 31. Debun applied in the Japanese courts for H.D.'s return under the Convention. *Id.* ¶ 40. The Tokyo Family Court dismissed Debun's application and held that H.D.'s state of habitual residence was Japan. *Id.* The Tokyo High Court dismissed Debun's appeal

[1] All references to provisions of the United States Code are to Title 22 unless otherwise specified.

United States District Court
Northern District of California

and Debun did not seek review in the Supreme Court of Japan. *Id.* ¶ 43. Debun represents that the Japanese determination is now final. *Id.*

In addition to the Japanese proceedings, Debun filed two ICARA petitions in the United States, one in Santa Clara County Superior Court and one in this Court. *Id.* ¶¶ 1, 46. The Superior Court denied the petition for lack of jurisdiction and that denial is now on appeal. *Id.* ¶ 46.

In this Court, Debun's Second Amended Verified Petition advances two causes of action. In Count One, Debun petitions for an order requiring H.D.'s return to the United States under ICARA's judicial remedies provision, section 9003. *Id.* ¶¶ 60–64. In Count Two, and in the alternative, Debun seeks a determination that H.D.'s removal was wrongful, as contemplated in article 15 of the Convention. *Id.* ¶¶ 65–68. Article 15 provides:

> The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

ICARA further specifies that "the term 'authorities', as used in article 15 of the Convention to refer to the authorities of the state of the habitual residence of a child, includes courts and appropriate government agencies." 22 U.S.C. § 9003(f)(1).

The Court previously ordered Debun to show cause why the petition presents cognizable causes of action. Dkt. No. 18. In his response, Debun concedes that Count One is not cognizable and requests dismissal of Count One without prejudice. Response, Dkt. No. 20, at 4. Debun insists, however, that Count Two is cognizable.

## II. ANALYSIS

### A. Count One is voluntarily dismissed pursuant to Debun's request.

The Court will construe Debun's request to dismiss Count One without prejudice as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (providing for liberal construction of pro se papers). The Court will grant the motion.

"Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument," but not merely the "[u]ncertainty" that remains from an unresolved legal dispute. *Id.* at 97.

Kairi suffers no legal prejudice from dismissal without prejudice because such a dismissal will return the parties to the status quo ante that existed before the filing of this petition. Dismissal will not, for instance, deprive Kairi of "a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* Rather, Debun requests dismissal because he accepts that he has no claim under section 9003 in this Court.[2] Count One is accordingly dismissed without prejudice.

**B. Count Two is dismissed for lack of subject matter jurisdiction.**

In his response, Debun notes that the "relief he principally seeks is Count Two," a determination under article 15 of the Convention that H.D.'s removal was wrongful. Response, at 1. Perhaps recognizing that the language of article 15 suggests that such determinations must be initiated by "judicial or administrative authorities," Debun focuses his response on the argument that an individual parent may seek such a determination without any such initiation. Whether or not that is correct, Count Two suffers from a more fundamental defect: Debun has not carried his burden to establish the minimum requirements of Article III standing with respect to his request for declaratory relief. The Court must consider jurisdictional defects, including whether a petitioner lacks standing, on its own initiative. *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[2] H.D. is currently in Japan, Petition ¶ 31, and section 9003 provides for a judicial remedy only in a court "which is authorized to exercise its jurisdiction in the place where the child is located," 22 U.S.C. § 9003(b).

Article III of the United States Constitution confines the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. A petitioner or plaintiff seeking to invoke that limited jurisdiction must satisfy the requirements of Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy Article III, "a plaintiff must not only establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 285 (2021). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

As to redressability, the petitioner's burden is to "'show a predictable chain of events' that would likely result from judicial relief and redress the [] injury." *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 121 (2025) (quoting *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 385 (2024)). Like other actions, "declaratory-judgment actions must satisfy Article III's case-or-controversy requirement," including the element of redressability. *California v. Texas*, 593 U.S. 659, 672 (2021). A declaration is not, in and of itself, redress. *Id.* at 673.

Here, even assuming that Debun has satisfied the first two elements of standing, he has not carried his burden as to redressability. The petition does not identify, and the Court cannot conceive of, a "predictable chain of events" connecting the issuance of the requested declaratory relief and the return of H.D. to the United States. *Alliance for Hippocratic Medicine*, 602 U.S. at 385. Debun candidly admits that the declaration he seeks under article 15 "would not bind the authorities of Japan," and that the Japanese courts have already rendered a final determination denying his Hague Convention application. Petition ¶ 68.

Debun notes that he seeks a declaration "because it is relief this Court can grant," *id.*, but a declaratory judgment, standing alone, "is the very kind of relief that cannot alone supply jurisdiction otherwise absent." *California*, 593 U.S. at 673. Debun suggests that a favorable declaration may be of use in "further application[s] or proceeding[s]," or in support of "pending requests to the Executive Branch and Members of Congress of the United States." Petition ¶ 68. But without identifying any potential legal mechanisms by which a favorable declaration would get him any closer to the return of H.D., vaguely hinting at possible future proceedings and

United States District Court
Northern District of California

pending pleas does not suffice. Such a "speculative" chain of redressability cannot establish Article III standing. *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 43 (1976).

**C. The Court denies further leave to amend.**

A district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Debun has already amended his petition twice, and neither the petition nor the response to the Court's order to show cause suggests any further amendments that might resolve the jurisdictional defects discussed above. The futility of further amendment is confirmed by the finality of the adverse determination against Debun in Japan, the country in which H.D. currently resides. Petition ¶ 68. The Court thus concludes that further leave to amend would be futile and should not be granted. *Id.* at 374.[3]

## III. CONCLUSION

Count One is dismissed under Federal Rule of Civil Procedure 41(a)(2) and Count Two is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). The petition is therefore dismissed in its entirety without leave to amend and without prejudice.

**IT IS SO ORDERED.**

Dated: November 2, 2026

P. Casey Pitts
United States District Judge

[3] For Mr. Debun's benefit, the Court notes that this dismissal means he cannot proceed on these claims and facts. If Mr. Debun re-files the same claims in a new petition, on the same facts, that action also will be dismissed for failure to state a claim.